May it please the court. My name is Mary Wynn and I represent Sandra Evans, the appellant in this matter. My co-counsel Mario Gonzalez is representing the arguments of Daniel Gargan. I intend to take 10 minutes in my initial opening and I intend to save five minutes of which Mr. Gonzalez will take as much as he needs to address his arguments. You understand you're splitting the 15 minutes. Yes that's what I'm trying to explain. Ms. Evans has asked this court to review her case and to determine anew whether or not the federal court had jurisdiction over this matter. In doing so Ms. Evans is relying upon the doctrine which requires that the plaintiff state within his the four bases of federal court jurisdiction is. In this case the plaintiff does set out three bases for federal court jurisdiction. However, the actual basis of the complaint and the remedy sought are really a contract dispute. The plaintiff is disputing one provision of a settlement agreement and is saying that asking money damages as a remedy and the law as acknowledged by the lower court on that question is really the laws of the state of Washington in order to determine the questions presented in the complaint. So she's not challenging the fact that there was in fact a settlement agreement that was fully approved and is in existence now? No she does not challenge that. As a matter of fact she does not challenge the fact that the provision is in there that requires a loan. The dispute is over the procedure for implementing that loan. The obligations under the settlement agreement? That's correct Your Honor. And because the cause of action does not arise under the Constitution laws or treaties of the United States, under the well-pled complaint rule the cause of action fails under the test for whether or not there is federal question jurisdiction which the lower court found that there was. Now the will that the settlement agreement resolved, that had to be approved by the BIA? The will that the settlement agreement resolved was approved by the BIA initially and then had to be approved by the administrative law judge in order to excuse me and then the settlement had to be approved by the administrative law judge in order to settle the federal probate. So both the will and the settlement agreement were subject to federal approval? That's correct Your Honor. And the dispute over the interpretation or anything about the settlement agreement? The one I think you're asking about, do they involve a federal question at all in any way? That would be the conclusion. But I'm trying to understand why the settlement agreement is a static sort of extant thing that wouldn't somehow be involved that might raise a question that would require federal, it would involve the implementation of a federal, federally approved arrangement. The only federal issue raised in the the entire argument below was the defendant Evans's, one of her 12 defenses, raised the federal statute of 25 U.S.C. 410, which the court found did not apply. Everything else that is stated and argued fell within the issue of contract disputes. However, if this court were to find that there is a potential for raising a federal issue or regulation, that would not cure the well-pledged complaint burden. So if I understand your answer to Judge Fisher's question, she raised 25 U.S.C. section 410 as a defense to enforcement of the settlement agreement, but that's not sufficient to establish a basis for federal question jurisdiction? That's correct, Your Honor. Counsel, what specifically do you think is the error in Judge Shea's reasoning on, you know, he wrote a fairly long order on federal jurisdiction, denying the motion to dismiss. So where do you think his reasons go astray? There are a couple of areas that the court discussed, actually three of them. One of them was the concept that the approval by the ALJ trust land probate judge constituted approval by the Secretary of Interior pursuant to approve any withdrawal of monies out of IIM accounts. And there, and he also looked at it as though the federal judge had ordered the terms of the settlement be completed. Neither of those things are correct. The administrative law judge had to approve the settlement agreement pursuant to specific federal regulations. And the administrative law judge did so. However, those regulations did not require that he order the parties to complete each and every term. Secondly, the administrative law judge is not, by law, allowed an authorized agent of the Secretary of Interior for purposes of approval under 410. The superintendent of the Colville agency would have been an authorized agent under law and it's very specific who is not. Finally, the lower court discussed the fact that the lower court felt that there were, these were complex issues and that the state court would not be able to deal with such complex issues. All of those things, Your Honor, led the lower court to believe that there was a federal question, but it does not cure the necessity of the plaintiff specifically alleging within the four corners of the complaint a cause of action based on the Constitution or federal law. Or a, the fact that their remedy depends upon resolution of a substantial federal question. And for that reason, Your Honor, there is, there is none, and federal jurisdiction fails. Excuse me, can you help me? I, I read the order approving the settlement agreement in 2000, November of 2005, signed by administrative law judge Stan Campiano. It provides at the end of the agreement that if any party objects to the approval of the settlement, they have a right to pursue an administrative appeal within the Department of the Interior. Am I correct that neither side pursued any administrative appellate remedies? To challenge the settlement agreement? Thank you, Your Honor. You are correct. And that reminds me of the other line of reasoning that the lower court appeared to be taking. The lower court appeared to deal with this case as though it had been appealed up through the appellate process and then had come into court through the Administrative Procedures Act. That was not the case here. This settlement agreement simply stopped the federal probate. It was an agreement of the parties to not go forward with that federal probate dispute. Subsequent to the time of the signing of the agreement, the law says, and I think both parties understood, that contract law applies to any disputes under that, under that agreement. But that was not the view or the tenor in which the lower court discussed this case. It discussed the case as though it came up through an appellate process. The consideration, as I understand it, for entering into the settlement agreement was that there were a number of bases, but not the least of which was your client received more under the settlement agreement than she would have received had she received her distribution as an heir under the original will of William Wapato. Is that right? That is actually not correct. And had there been a trial on this issue, it would have brought out that my client gave up the ability to will her 20 percent of the estate for the period of, this life estate lasts for the period of the youngest grandchild of the decedent. And my client is almost 60 years of age and extremely obese and has a Not in good health. Not in good health. Well, the reason I ask the question is on page 9 of the settlement agreement, the administrative law judge makes certain findings with regard to whether the entry or approval of the settlement agreement is in the best interest of the respective heirs to the estate. And he finds that there is a different distribution provided in the settlement agreement than what was provided for in the will. But he also then says that it appears that Sandra Evans stands to make a higher income under the second agreement than she would have made under the terms of the will. And I guess my question to you is, is that not in contract law sufficient consideration for the entry into and enforceability of the settlement agreement? And I think I'm almost out of time, so I'll answer this question and then sit down. It is indeed adequate consideration. I did note the findings, Your Honor, because I handled the administrative law issues. I noted that they were erroneous, however But you chose not to appeal. I chose not to appeal. All right. That's correct. Okay. Thank you, Your Honors. Thank you. Honorable members of the court, my name is Bruce Johnston. I'm here representing the plaintiffs in this action, two of Mr. Evans' grandchildren and Wapato Heritage, which was the designated repository for the benefits of the will. The chief federal issue in this case has always been what does the combination of the will, the settlement agreement, and Judge Stan Campiano's order approving it mean? The semantic indication in the appellant's position that the words on the top of the settlement agreement, isolated as such, is simply wrong. If we call a residential lease a deed, it's not a deed. This document is an amendment to the will and constitutes the will itself. How can that be? It's denominated a settlement agreement, which actually changes the terms of the testator's intent and, in essence, rearranges the distributions to the various heirs and beneficiaries under the estate. As a result of the approval of this settlement agreement, both the Chelan County Probate Court and the Department of the Interior Administrative Law Judge approved the closure of William Wapato's estate and, in essence, put to rest the last will and testament of Mr. Wapato. I don't believe they put it to rest, Your Honor. What they did was we have a will, and it's very much like TEDRA under state law. There is a specific federal statute that allows, in the interests of meeting all of the federal statute requirements, the amendment of a will, the resolution of a contest, if you will, but it must be approved by a federal statute. This settlement agreement, without, A, the will underlying it and, B, the approval of Judge Dan Campiano carrying out federal law, could have no existence. It was impossible to reach a settlement agreement qua settlement agreement in the traditional sense, in the sense that the settlement agreement in the Kokanen case considered by the Supreme Court was. How is that any different from a settlement agreement involving a minor, say a personal injury action, where the state superior court in some sort of a juvenile or guardianship proceeding has to approve the terms of the settlement of the personal injury claim of the minor, and there is a settlement agreement which effectuates the resolution of the personal injury claim? It is different for two reasons. One, this particular species of settlement agreement is authorized by federal law, and without a specific law authorizing that amendment, both the historical federal and common law would not have allowed it. You can't change a testator's dispository scheme. Secondly, Your Honor, the differences as indicated in the Ninth Circuit's opinion in the state of Covington, all of this takes place under 35 U.S.C. 373, and in that case, the court indicated in regard to the interpretation and the validity of an Indian will, state law has no place. Now, what has happened here is there has been a settlement agreement that is completely dominated by, and impossible without, a federal statute. And then, the second issue is the interpretation of that requires the same law. When either side challenges the enforceability of the settlement agreement, how is it any different from a settlement agreement in an antitrust action? And a claim is later brought that a party who signed the resolution of the antitrust action is not performing under the terms of the settlement agreement and seeks federal court intervention to enforce the terms of the settlement agreement. And the Supreme Court told us in Kokonan that that does not give rise to a federal question. Well, Your Honor, because this isn't a simple breach case. This is a case where, and I would refer the court to our complaint, the four corners of our complaint contained a second cause of action for declaratory relief. It says, because Defendant Evans has not only breached the settlement agreement and done so willfully, but has also repudiated and or denied her obligations under the settlement agreement, it is both necessary and appropriate that the court declare Defendant Evans' duties and obligations under the settlement agreement, and particularly those of the loan provisions. Now that requires the court, as Judge Shea found, and if you review the pleadings, 90% at least of all of the briefing and whatnot that dealt with this settlement agreement and what it meant, went directly to the federal law, to the regulations, to the regulations that were before the court, and as Judge Shea held, Judge Stan Campiano was empowered to accept, as a representative of the Department of Interior, the settlement under 43 CFR 30.105. Now, there was no way to make that determination except to review the order itself, which was an integral part of the settlement agreement, as was the will. The will was fully incorporated into it. How could the will be fully incorporated into it if it altered the terms of the will? It's a separate agreement. No, it isn't, Your Honor. Do you agree that this settlement agreement was supported by adequate consideration? Oh, absolutely, Your Honor, I do. And one of the things that it, one of the items of consideration, in addition to what I talked with Ms. Winn about, was that it avoided the risk to both parties of enforcement of the no contest clause. Well, it... Which, had the will contest been pursued, could have resulted in either or both parties receiving nothing. Absolutely, Your Honor, but the settlement agreement, if you'll note, fully incorporates the 2003 will of William Wapato Evans, except and only except to the extent changed by the settlement agreement and the order. Now, if I could interpose a question or two. First of all, I sort of understand, though I might be oversimplifying, but that you're arguing that the settlement agreement basically effectuates a substitute will. Am I right in that? Yes, and I believe that... But you're saying the settlement agreement is, in effect, the new will governing the estate of the deceased? That's what the statute says and the regulations contemplate. That is that you have the will, you have a proposal for a settlement. The ultimate determination of the distribution order and dispositive scheme is solely up to the administrative law judge, in this case, Judge Dan Campiano. He has to look at the will, the settlement agreement, and enter an order either approving or not approving that melding of the two and the incorporation. It becomes a substitute will, just as it doesn't... As a follow-up question, did your complaint in substance say that, what you've just said? I believe in asking for the declaratory relief, Your Honor, it did. The history and the affidavits and declarations on summary judgment illustrate, Your Honor, that all of the issues and defenses that were raised ultimately by Ms. Evans in the case had occurred prior to and been made prior to the filing of the complaint. That's why the complaint says in requesting for the declaratory relief says, in effect, she's not only breached it. She's reputed. She's said it doesn't mean what it means. It requires interpretation. It requires interpretation under the only law that it can be interpreted under, which is the federal law. And, Your Honor, we plead facts, not law, in a pleading. So the question is, did we raise that issue? Of course we did. We brought it into question. Okay. So my final question that was on my mind is to ask you the same question that I asked your colleague for the appellant. That is, from your client's point of view, what do you think about the district court's reasoning specifically in the way the district court addressed federal jurisdiction when that issue was raised by motion? Well, Your Honor, I believe the district court was correct in its detailed coverage. The first thing the district court, I think, says is that it had to go to Judge Stan Campiano's order. It had to go to the underlying provisions requiring that order. It had to look at the rationale of the federal order. And as a consequence, he was necessarily acting and interpreting federal law. We can go all the way back to the early 18th century. One of the things when we plead the existence of an agreement, we have to establish its validity. This agreement could have no validity but for the federal law. I mean, to find otherwise, we'd have to be reversing a state of Cunnington here. A Native American will can only be interpreted, can only be acted upon, can only be approved as a matter of federal law. And the Ninth Circuit has said state law has no application to that whatsoever. So I think when Judge Shea looked at this, he knew he was looking at the federal law. He had to look at the federal law to determine whether or not the somewhat arcane provisions dealing with the individual Indian money accounts. I mean, this specific settlement agreement talks about IIMs, individual Indian money accounts, solely governed by federal law to determine any rights under the settlement agreement. But the IIM account is nothing more than the vehicle through which Ms. Evans' money, her obligations under the settlement agreement are to be paid. That doesn't require any esoteric consideration of federal law. I mean, even the BIA says, look, you have free access to that account. All you have to do is write a check. And what Judge Shea was confronted with and what the plaintiffs were confronted with, when they filed this complaint and asked for declaration of Ms. Evans' rights, was how in the world do we get over her claims that the IIM account is impenetrable? But those claims are being raised by way of defense. And I keep coming back to, you're trying to, in essence, invert the case here. And I just see it, she's saying as a defense, I can't make payments out of the IIM account because it requires approval by the BIA. The BIA is taking the position that no such approval is required. Judge Shea says to the extent approval was required, it was done when Judge Stan Campiano approved the settlement agreement. So her defense is basically non-meritorious. But all of that, Your Honor, existed and that was the substance of what occurred and what the evidence showed existed prior to the complaint. If that wasn't the problem, we wouldn't have asked for a declaration of those specific rights under federal law. But what you want, you want a court order directing her to write a check. I want a court order directing not only that she has to write the check, Your Honor, but that exactly how it has to be done and that she has the obligations that she had denied and repudiated. She had repudiated the enforceability of this agreement and continues to do so here today. The federal law was an integral element of Judge Stan Campiano's order. And the order, as I say, the settlement agreement could not and did not exist prior to or in the absence of Judge Stan Campiano's order, which was governed solely by federal law. I have another question for you. And sorry to pepper you with so many questions. You know, if we were to say that we're going to send this back to Judge Shea, but hypothetically that we're going to direct him to permit you to file an amended complaint, is there anything that you would say any differently if you filed an amended complaint? Yes, Your Honor, I'd say exactly. I simply would have explained what I intended when I filed the declaratory portion of this complaint. I would say in much greater detail exactly what I've told the court today, and that is that this is a substitute and combination with the will. The combination of the will, the settlement agreement, and Judge Stan Campiano's order complies one legal document, one legal it can't be looked at separately or apart. And that everything that had been done before we filed the complaint and the assertions of Ms. Evans before we filed the complaint implicated her and our belief that under the federal law, we had a right to enforce it as written, and she claimed that we didn't. And that was the nexus of the dispute, that this dispute didn't and can't exist, and it couldn't have been decided by Judge Ashae without reference and without a complete integration of the federal law. Okay, thank you. Thank you. I see that I have... Your time's up. Nope, it's counting up. Okay, thank you. I just noticed that. Your Honor, I just want to make a brief comment within one minute. I do want to point out that the declaratory relief section was reviewed carefully by myself and also the arguments related to that declaratory relief section, and what the plaintiff was really asking for, once again, was simply money pursuant to the provision of the one provision of the statute which required payment of money or turnover of money by Ms. Evans to the plaintiffs. So once again, it goes back to a simple contract dispute where... Counsel, if I could ask you this. You know, practically, if this suit, if we have to ask Judge Ashae to dismiss the complaint on the theory there's no federal question, then where is your client, where is Wapato Heritage, and where is Mr. Gargan? Is there another proceeding that would be filed in state court? Either the proceeding would be filed in state court or there is the choice of Colville Tribal Court, which has a specific CFR provision that allows the tribal court to order monies to be paid out of IIM. My related question is this. Counsel for Wapato Heritage has argued some more distinct federal issues in their briefing and in the argument here today. I mean, you might not agree with that, but assuming that they have in their prior briefing to Judge Ashae or in their briefing to us or in the argument today articulated other federal question theories that weren't spelled out in their initial complaint, my understanding is that the federal rules of procedure would permit us to direct Judge Ashae to let them file an amended complaint. So if they do that, then I guess you obviously would have an opportunity to respond to that. But is there any reason? Why shouldn't we, at a minimum, with what's gone into this case, permit them to file an amended complaint? Because discovery is over. The summary judgment has been pled. The case has pended for over two years. Everybody has taken their positions with regard to what was pled in the complaint. The defendant responded according to what was pled in the complaint, not to something that might have been raised by the time they get up to an appeal, Your Honor. That's the problem with it. And I would like to add one more thing, which is that Ms. Evans, again, is not disputing the existence of the contract, is not disputing the- Do they have to assume the validity of the contract? Is that part of the plaintiff's burden to prove the validity of the contract? Yes, it is part of the plaintiff's burden to prove the validity of the contract. Okay. In order to prove that, would they have had to prove that it was properly approved by the federal government? They would have to if the plaintiff had not conceded to the validity. Well, they wouldn't know. At the time they pled their complaint, they would not know what the defense position on that would be, would they? No, but if there was any question as to the validity of the contract, it should have been pled in the complaint. It may be. That's a defense. But there was no question as to that validity. Okay. Thank you. Both parties conceded. You've used up your co-counsel's time. Sorry. You can have a minute. No, you'll have to come up to the lectern, please. Okay. May it please the Court. Jen Gargan raises the same jurisdictional issues as Evans. And, you know, we feel that the Kokoman case is controlling in regards to the settlement agreement. In Kokoman, the Supreme Court basically ruled that a settlement agreement is just a contract. And so a suit on a settlement agreement needs an independent basis for jurisdiction. And in this instance, we don't see any independent basis for jurisdiction. We noted that opposing counsel basically stated that this, the federal question involved here, is a federally approved will, presumably approved under the General Allotment Act and regulations promulgated thereunder, and that there's then approval by an administrative law judge of the settlement agreement and that this somehow raises a federal question. But there's no identification of what federal statute is involved here. All that's involved here is the interpretation of the settlement agreement. And I'd just like to point out, in the limited time I have here, is that what the district court stated as its basis for federal question jurisdiction on page 30 of the opening brief is that the settlement agreement depended on federal law for its validity and interpretation. Therefore, the federal question exists. So, you know, our position, like Evan's, is that you have to, the case has to arise under a specific federal law, not a state-created contract. Thank you, Your Honor. Thank you. We do appreciate that. We have read the briefs and the court's order and the cases, and we will continue to do so. The case argued is submitted. We thank counsel for their argument.
judges: Fisher, Gould, Tallman